UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00114-JHM

HOPE SHELBURNE                                                                               PLAINTIFF

v.

RICK CLEMONS, SHERIFF OF
GRAYSON COUNTY, KENTUCKY,
in his individual and official capacity                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Rick Clemons, Sheriff of Grayson County, Kentucky, in his individual and official capacity, for summary judgment. [DN 14]. Fully briefed, this matter is ripe for decision.

I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Hope Shelburne, alleges that in late fall of 2009, Defendant Rick Clemons, Sheriff of Grayson County, Kentucky, summoned Plaintiff to his office, indicated that he was aware that she was selling hydrocodone, and forced Plaintiff to engage in sexual activity. Plaintiff further alleges that within 10 to 15 months after that incident, Terry Blanton, a former detective and deputy with the Grayson County Sheriff's Department, approached Plaintiff about becoming a confidential informant for Grayson County Sheriff's Department. Plaintiff maintains that while Plaintiff was working as a confidential informant, Blanton initiated a sexual relationship with her in early 2011. Plaintiff contends that Blanton threatened incarceration on a deferred charge if Plaintiff did not reciprocate his advances. Plaintiff further alleges that Clemons made similar threats. Plaintiff alleges that she continued to work for the Grayson County Sheriff's Department until former detective Blanton was indicted in February of 2012 for theft of a controlled substance, trafficking in a controlled substance, and hindering prosecution or apprehension of a fugitive.

On September 20, 2013, Plaintiff filed suit against Rick Clemons and Terry Blanton, in their individual and official capacities. Plaintiff alleges that both Defendants violated her Fourth,

Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 "when they unjustly and unlawfully seized the Plaintiff's person, coerced her into the performance of sexual acts, and sexually assaulted and/or battered her." (Complaint ¶ 3.) Additionally, Plaintiff alleges that Sheriff Clemons was aware that Blanton was engaging in an ongoing pattern of sexual exploitation of the Plaintiff, but he failed to supervise and prevent Blanton from violating her constitutional rights. Plaintiff also asserts state law claims for sexual assault, false imprisonment, fraud, and sexual harassment against Defendants. On October 29, 2013, Defendant Terry Blanton filed a motion for summary judgment seeking dismissal of Plaintiff's claims based upon her failure to file her claims within the applicable statute of limitations period. Plaintiff did not respond to Blanton's motion. On November 25, 2013, the Court granted a motion for summary judgment in favor of Blanton. Defendant, Rick Clemons, in his individual and official capacity, now moves for summary judgment related to Plaintiff's § 1983 claims arguing that the claims against him are time barred.

### III. DISCUSSION

### A. Federal Claims

**1. Fall 2009 Conduct**

Plaintiff asserts that her rights were violated under the Fourth, Fifth, and Fourteenth Amendments when she was compelled by Clemons to engage in sexual activity. (Complaint ¶¶ 34-36.) Defendant maintains that Plaintiff's claims are barred by the one-year statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th

3

Cir. 1990). Plaintiff alleges that she was unlawfully seized and required to engage in sexual activity in the fall of 2009. Thus, Plaintiff had a colorable claim for the violation of her Fourth, Fifth, and Fourteenth Amendment rights on the day of the alleged seizure and forced sexual activity, and the statute of limitations began to run on that date. See Hornback v. Lexington-Fayette Urban County, Government, 2013 WL 5544580, *2 (6th Cir. Oct. 8, 2013). Plaintiff has not alleged any activity by Clemons that would toll the statute of limitations for this claim. Thus, Plaintiff failed to file her claims related to the alleged unlawful seizure and forced sexual activity by Clemons within the one year statute of limitations period set forth in KRS § 411.140; therefore, these claims must be dismissed.

### 2. Early 2011 to February/March 2012 Conduct

Plaintiff asserts that Sheriff Clemons, in his individual and official capacity,[1] is liable to Plaintiff because Sheriff Clemons turned a blind eye to the illegal conduct of Deputy Blanton, including the sexual exploitation of the Plaintiff, and enabled Blanton to violate Plaintiff's constitutional rights. (Complaint at ¶¶ 37-40, 44, 46.) Plaintiff alleges that she was allegedly unlawfully seized, required to engage in sexual activity, and given narcotics by Blanton between early 2011 and February 2012, the date she ceased working as a confidential informant for the Grayson County Sheriff's Department. (Complaint at ¶ 15.)

Defendant maintains that Plaintiff's claims are barred by the one-year statute of limitations. See Wallace, 549 U.S. at 387; Collard, 896 F.2d at 182. The record reflects that Blanton resigned from the Grayson County Sheriff's Department in March of 2012 and was later arrested on April 26, 2012, for theft of a controlled substance, trafficking in a controlled substance, and hindering prosecution or apprehension of a fugitive. Thus, the alleged non-consensual sexual acts and other conduct that form the basis of Plaintiff's § 1983 claim against

---

[1] An official capacity claim against Sheriff Clemons is a claim against Grayson County.

Blanton and, relatedly, the claims against Clemons in both his individual and official capacity ended at the latest in March of 2012 – the date Deputy Blanton resigned from his position with the Grayson County Sheriff's Department. Plaintiff did not file this action until September 20, 2013. Thus, absent tolling the one-year statute of limitations has run.

Plaintiff argues that the statute of limitations for her claims against Clemons should be tolled because both Clemons and Blanton threatened her with incarceration, restriction of visitation with her minor children, termination of parental rights, and serious injury if she reported the conduct or took any action against Blanton or Clemons. Plaintiff argues that this conduct hindered and obstructed the prosecution of the action and, thus, tolled the statute of limitations pursuant to KRS § 413.190(2). KRS § 413.190(2) provides that the statute of limitations may be tolled where a defendant "by any other indirect means obstructs the prosecution of the action[.]" KRS § 413.190(2).

Despite Plaintiff's argument to the contrary, Clemons's and Blanton's alleged threats are "not the kind of conduct that would toll the statute of limitations under § 413.190(2)." Dishman v. Corrections Corp. v. America, 2010 WL 3294679, *2 (E.D. Ky. Aug. 20, 2010). "Kentucky courts construing the statute have consistently held that a defendant must engage in 'some act or conduct which in point of fact misleads or deceives [the] plaintiff and obstructs or prevents [her] from instituting [her] suit while [she] may do so.'" Id. (quoting Munday v. Mayfair Diagnostic Lab., 831 S.W.2d 912, 914 (Ky. 1992)(quoting Adams v. Ison, 249 S.W.2d 791, 792 (Ky. 1952)).[2] Thus, to toll the statute of limitations under § 413.190(2), "[o]bstruction alone, without

---
[2] In fact, courts characterize KRS § 413.090(2) as a codification of the doctrine of fraudulent concealment. To establish equitable tolling under a fraudulent concealment theory, a plaintiff must prove "'(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 745 n. 1 (6th Cir.1992) (quoting Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir. 1975)). See also Gilley v. Board of Educ. of Trimble County, Ky., 2013

misleading or deceiving conduct, is not enough." Dishman, 2010 WL 3294579, *2 (citing Labor Cabinet v. Hasken, 265 S.W.3d 215, 227 (Ky. Ct. App. 2007) ("In order for the statute of limitations to be tolled under KRS 413.190(2), the [defendant's] representation or act, 'intentional or otherwise, must have been calculated to mislead or deceive and to induce inaction by the injured party.'")(quoting Adams, 249 S.W.2d at 793)). See also Greywolf v. Roman Catholic Diocese of Covington, 2011 WL 3361342 (Ky. Ct. App. Aug. 5, 2011) (holding that, to toll the statute of limitations, the defendant's concealment "must hide the plaintiff's cause of action in such a manner that it cannot be discovered by the exercise of ordinary diligence"); Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993); Anderson v. Board of Education of Fayette County, 616 F. Supp. 2d 662, 671 (E.D. Ky. 2009). Thus, despite Plaintiff's argument to the contrary, the record does not support tolling of the statute of limitations pursuant to KRS § 413.190(2).

For these reasons, the Court finds that Plaintiff failed to file her § 1983 Fourth, Fifth, and Fourteenth Amendment claims within the one year statute of limitations period set forth in KRS § 411.140; therefore, her § 1983 claims must be dismissed.

### B. State Law Claims

Having dismissed the Plaintiff's federal claims, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." Id. at 726.). Therefore, Plaintiff's pendent state law claims are dismissed without prejudice.

---

WL 3154130, *4 (E.D. Ky. June 19, 2013); Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993).

## IV. CONCLUSION

For the reasons set forth above, the motion by Defendant, Rick Clemons, in his individual and official capacity, for summary judgment [DN 14] is **GRANTED**. Plaintiff's § 1983 Fourth, Fifth, and Fourteenth Amendment claims against Defendant Clemons are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice. A Judgment will be entered consistent with this Opinion.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 29, 2014

cc: counsel of record